# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>KidsPeace Corporation,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 13-14508-REF<br><br>(Joint Administration Requested) |
| In re:<br><br>KidsPeace Children's Hospital, Inc.,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 13-14509-REF<br><br>(Joint Administration Requested) |
| In re:<br><br>KidsPeace Mesabi Academy, Inc.,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 13-14510-REF<br><br>(Joint Administration Requested) |
| In re:<br><br>KidsPeace National Centers, Inc.,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 13-14511-REF<br><br>(Joint Administration Requested) |
| In re:<br><br>KidsPeace National Centers of Georgia, Inc.,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 13-14512-REF<br><br>(Joint Administration Requested) |
| In re:<br><br>KidsPeace National Centers<br>of New England, Inc.,<br><br>　　　　　Debtor. | Chapter 11<br><br>Case No. 13-14515-REF<br><br>(Joint Administration Requested) |

2851317_2

| | |
|---|---|
| In re:<br><br>KidsPeace National Centers<br>of North America, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-14516-REF<br><br>(Joint Administration Requested) |
| In re:<br><br>Iron Range School, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-14517-REF<br><br>(Joint Administration Requested) |
| In re:<br><br>KidsPeace National Centers<br>of New York, Inc.,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-14518-REF<br><br>(Joint Administration Requested) |

**OBJECTION OF GEMINO HEALTHCARE FINANCE, LLC, TO MOTION OF THE DEBTORS FOR ENTRY OF INTERIM AND FINAL ORDERS, PURSUANT TO BANKRUPTCY CODE SECTIONS 105(A), 361, 362, 363 AND 364, (I) AUTHORIZING DEBTORS TO OBTAIN POST-PETITION FINANCING, (II) AUTHORIZING THE USE OF PRE-PETITION COLLATERAL, (III) GRANTING ADEQUATE PROTECTION, (IV) STIPULATING TO THE VALIDITY, ENFORCEABILITY AND NON-AVOIDABILITY OF CERTAIN PRE-PETITION LIENS AND <u>(V) SCHEDULING A FINAL HEARING</u>**

Gemino Healthcare Finance, LLC ("Gemino") hereby objects to the Motion for Entry of Interim and Final Orders, Pursuant to Bankruptcy Code Sections 105(a), 361, 362, 363 and 364, (I) Authorizing Debtors to Obtain Post-Petition Financing, (II) Authorizing the Use of Pre-Petition Collateral, (III) Granting Adequate Protection, (IV) Stipulating to the Validity, Enforceability and Non-Avoidability of Certain Pre-Petition Liens and (V) Scheduling a Final Hearing [<u>Doc. No. 13</u>] (the "DIP Financing Motion") filed by KidsPeace Corporation and its affiliated debtors-in-possession (the "Debtors"). In support of its objection, Gemino respectfully shows the Court as follows:

2

**Introduction**

Gemino understands and supports the efforts of the Debtors to pay Gemino in full and obtain a release of the liens and security interests of Gemino in the personal property of the Debtors. However, to be paid in full and release its liens, Gemino is entitled to know that it will be able to keep the payments it has received from the Debtors (*i.e.*, final allowance of its claims with no disgorgement) and that it will not be forced to incur foreseeable expenses in the future for which the Debtors have agreed to indemnify it (*i.e.*, secured obligations will not arise in the future). In the proposed interim order granting the DIP Financing Motion (the "Proposed Order"), the Debtors provide that Gemino will be deemed to have been paid in full and will release all of its claims and liens, but that the Debtors are not providing any corresponding release of Gemino and reserve the right to investigate and challenge the liens and claims of Gemino. Thus, notwithstanding the fact that its loan balance may be reduced to zero, Gemino remains subject to challenges and foreseeable legal expenses in the future, and therefore, its constitutionally-protected claims and liens must survive and be adequately protected pending final resolution.

**Background**

1.  Prior to May 21, 2013 (the "Petition Date"), the Debtors[1] and Gemino entered into a Credit Agreement dated September 14, 2009 (as at any time amended, the "Credit Agreement") pursuant to which Gemino made secured revolving credit loans to the Debtors from time to time.

---

[1] Due to the press of time in responding to the DIP Financing Motion in less than 24 hours, Gemino has not been able to ascertain whether all of the Debtors are borrowers under its credit facility but believes that all or substantially all of the Debtors with assets are borrowers or obligors.

2. The obligations of the Debtors to Gemino are secured by, among other things, properly perfected liens upon and security interests in the Debtors' accounts, payment intangibles, instruments, general intangibles, contract rights, intellectual property, chattel paper, documents, supporting obligations, letter of credit rights, lockboxes, collection accounts, deposit accounts, books and records and all products and proceeds of any of the foregoing (as defined in the Credit Agreement, the "Collateral"). Gemino properly perfected its security interest in the Collateral by, among other things, filing UCC-1 financing statements in appropriate jurisdictions.

3. As of the Petition Date, the outstanding principal balance of unpaid advances owed under the Credit Agreement was approximately $438,000, and the Debtors remain obligated for such principal balance plus all accrued interest, fees, costs, expenses, attorneys' fees, and contingent indemnification and reimbursement obligations.

4. On the Petition Date, the value of the Collateral exceeded the secured obligations. Therefore, under section 506(b) of the Bankruptcy Code, Gemino is entitled to recover post-petition interest and "reasonable fees, costs and charges" (including, without limitation, legal fees) provided for under the Credit Agreement that are incurred after the Petition Date.

### Summary of Objection

5. The DIP Financing Motion proposes that Gemino receive, from the initial fundings pursuant to the new DIP credit facility, payment of all liquidated, non-contingent amounts owed to it. According to the Proposed Order (at paragraph 6), upon receipt of such payment, "the Debtors shall have no further obligations under the Gemino Credit Agreement." However, the Credit Agreement provides that the Debtors' indemnification and reimbursement obligations survive payment of the liquidated balance of the loans and termination of the credit

facility.[2]  Thus, the Proposed Order is not consistent with the Credit Agreement and improperly seeks to effectuate a non-consensual release of claims by Gemino in favor of the Debtors.

6.      On the other hand, the Debtors do not propose to release any claims against Gemino and instead expressly reserve the right to investigate, challenge and assert claims against Gemino without limitation or deadline.  (See Proposed Order at ¶ 8.)  Without question, permitting a period of time in which to investigate pre-petition claims and liens is customary and appropriate.  But while such investigation and potential litigation remains outstanding, the creditor is entitled to retain its liens and claims in order to secure, among other things, costs and expenses incurred in responding to information requests and defending any litigation that is filed.

7.      In other words, until the point in time at which the parties and the Court are willing and able to approve the final and *indefeasible* payment of all of Gemino's secured claims, and the Debtors are willing to release any claims and causes of action against Gemino and its affiliates relating to the Credit Agreement, Gemino has not been finally paid in full and is entitled to retain (and obtain adequate protection of) its liens and claims.  Anything less would be an unconstitutional taking of Gemino's property.

8.      Gemino recognizes that the Debtors need financing and that their new lenders are not likely to provide such financing secured by liens that are junior in priority to Gemino's liens and security interests.  Gemino would hope that, by the time of the final hearing on the DIP Financing Motion, the parties would be prepared to stipulate to the validity, perfection and priority of Gemino's liens and grant a court-approved release of claims in favor of Gemino.  In order to protect Gemino's rights but avoid undue interference with the efforts of the Debtors to

---

[2]  See, e.g., sections 9.03 and 9.05 of the Credit Agreement.  The Credit Agreement contains a confidentiality provision, which (to the extent that it applies) appears to have been waived by the Debtors in describing the Gemino relationship in their first-day papers.  However, in an abundance of caution, Gemino has not attached a copy to this pleading.

reorganize, Gemino has proposed to counsel for the Debtors that Gemino retain its claims and be granted replacement liens *subordinate to the other liens* being granted in the Proposed Order; that the date of the final hearing be set as a challenge deadline with respect to Gemino's claims and liens, subject to extension for cause shown; and that the Proposed Order provide notice that the Court may consider at the final hearing a complete release of claims in favor of Gemino (to the extent agreed by the Debtors) so that Gemino is able to fully and finally exit these Chapter 11 cases.  In connection with being granted subordinated replacement liens, Gemino retains its right to be paid post-petition expenses as part of its secured claim under section 506(b) to the extent that it was oversecured on the Petition Date, and Gemino will be entitled to a superpriority claim under section 507(b) to the extent that such replacement liens do not provide adequate protection.  A resolution along these lines would fairly balance Gemino's entitlement to finality, and would respect Gemino's property interests, while permitting the Debtors to move forward and setting the date of the final hearing as an aspirational target for finally resolving Gemino's claims.

9. In summary, the Debtors are not releasing Gemino, so Gemino cannot be required to release the Debtors. After Gemino's loans are repaid and its facility terminates, permitting Gemino to retain its claims and subordinated replacement liens until parties in interest have time to investigate and raise any issues will not cause undue harm to the Debtors or their estates.  The Court should reject any attempt to force Gemino to release its claims and liens prematurely and in the face of a full reservation of rights by the Debtors and other parties in interest.

WHEREFORE, Gemino respectfully requests that the Court (i) deny the DIP Financing Motion or grant it only after changes to the Proposed Order are made to address the issues

identified herein, and (ii) grant to Gemino such other and further relief as may be necessary or appropriate.

Respectfully submitted, this 22nd day of May, 2013.

PARKER, HUDSON, RAINER & DOBBS LLP

*/s/ James S. Rankin, Jr.* (admission pro hac vice to be requested)
James S. Rankin, Jr.
1500 Marquis Two Tower
285 Peachtree Center Avenue NE
Atlanta, GA 30303
Phone: (404) 420-5560
Email: jrankin@phrd.com

*-and-*

WEIR & PARTNERS LLP

*/s/ Walter Weir, Jr.*
Walter Weir, Jr. (PA Bar No. 23137)
Fifth Floor, The Widener Building
One South Penn Square
Philadelphia, PA 19107-3519
Phone: (215) 241-7721
Email: wweir@weirpartners.com

Co-Counsel for Gemino Healthcare Finance, LLC

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day caused a true and correct copy of the foregoing OBJECTION to be served by electronic mail as follows:

Morris S. Bauer, Esq., counsel for Debtors – mbauer@nmmlaw.com
Benjamin Mintz, Esq., counsel for Lender Parties – benjamin.mintz@kayescholer.com
Steven J. Adams, Esq., counsel for Lender Parties --sja@stevenslee.com
Rick L. Frimmer, Esq., counsel for Bond Trustee – rfrimmer@schiffhardin.com

This 22nd day of May, 2013.

PARKER, HUDSON, RAINER & DOBBS LLP

*/s/ James S. Rankin, Jr.* *(admission pro hac vice to be requested)*
James S. Rankin, Jr.
1500 Marquis Two Tower
285 Peachtree Center Avenue NE
Atlanta, Georgia 30303
Phone: (404) 420-5560
Email: jrankin@phrd.com